Filed 2/10/16  P. v. Crist CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077521 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041381 & No. CM041617) |
| v. | |
| DERRICK DEON CRIST, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL HISTORY**

While on patrol on July 9, 2014, deputy sheriffs contacted defendant Derrick Deon Crist who acted nervous and refused to make eye contact.  Seeing a suspected marijuana cigarette behind defendant's ear, the deputies asked if it was marijuana.  Defendant admitted it was and claimed to have a medical marijuana recommendation but not in his possession.  Deputies asked if defendant had any contraband and defendant admitted he

1

had a syringe in his pocket. A search of defendant revealed a syringe and a plastic baggie containing 2.4 grams of methamphetamine.

In case No. CM041381, defendant was charged with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of an injection device, a misdemeanor (former Health & Saf. Code, § 11364.1, subd. (a), added by Stats. 2011, ch. 738, § 11, and repealed by Stats. 2014, ch. 331, § 9, eff. Jan. 1, 2015). On July 14, 2014, defendant was released on his own recognizance. When he failed to appear in court on July 16, 2014, a bench warrant was issued for his arrest.

On July 26, 2014, deputies contacted defendant who admitted he failed to appear in court. Deputies learned defendant had two warrants for his arrest and arrested him. A search of defendant's backpack revealed a checkbook belonging to Savannah E. and her father Michael E. The deputies also found two checks which had been removed from the checkbook. The two checks were dated July 26, 2014 and made payable to defendant, each in the amount of $5,000.00. The signature of one of the victims was on one of the checks and defendant's signature was on the back. Defendant had attempted to cash it at a cash checking service but it was denied for insufficient funds in the account. Defendant claimed he had recently found the checkbook on West Sacramento Avenue. The victim did not know her checkbook was missing and did not know defendant.

In case No. CM041617, defendant was charged with forgery (Pen. Code, § 476).[1] An on-bail enhancement (§ 12022.1) and a prior prison term (§ 667.5, subd. (b)) were also alleged. A prior prison term allegation was added by amendment to case No. CM041381.

On August 13, 2014, in cases No. CM041381 and No. CM041617, defendant entered a negotiated plea of no contest to possession of methamphetamine and forgery

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

2

and admitted an on-bail enhancement in exchange for dismissal of the remaining counts and allegations as well as case No. SCR94753 with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. Defendant waived Proposition 36 sentencing in case No. CM041381.

On September 10, 2014, the court sentenced defendant to county jail for an aggregate term of four years eight months, that is, the midterm of two years for forgery, a consecutive one-third the midterm or eight months for methamphetamine possession, and two years for the prior prison term enhancement. The court ordered defendant to serve 974 days in custody and suspended the last 729 days of the term during which time defendant would be subject to mandatory supervision. The court awarded a total of 108 days of presentence custody credit. The court also ordered defendant to pay a fine of $850 (§ 672) for forgery in case No. CM041617.

On September 24, 2014, defendant filed a notice of appeal in both cases. His request for a certificate of probable cause (§ 1237.5) was denied.

On January 23, 2015, the trial court resentenced defendant. Defense appellate counsel represents that the trial court did so pursuant to Proposition 47, reducing the methamphetamine possession offense to a misdemeanor and dismissing the on-bail enhancement. The augmented record reflects that the trial court resentenced defendant to a two-year midterm for forgery to be served in county jail, with mandatory supervision, consecutive to an unspecified term for the possession offense which was reduced pursuant to section 1170.18.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we

received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                                MURRAY           , J.


We concur:


NICHOLSON           , Acting P. J.


RENNER           , J.